UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20-CV-60508-AOV


GLENN BENZION, and all others
Similarly situated under 29 U.S.C. §216(b),

      Plaintiff,

v.

MONDELĒZ GLOBAL, LLC,

      Defendant,

_____/


**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND
JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

      Plaintiff Glenn Benzion, and consenting plaintiffs, Rae Whitely, Carol Wolfenden and Dan Collins, and Defendant Mondelez Global, LLC (collectively the "Parties"), through their respective counsel, hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41(a)(1), subject to the Court's review and approval of the FLSA settlement agreement.

      The Parties jointly move the Court for entry of an Order approving the Parties' FLSA settlement agreement (the "Agreement") and for dismissal of this action, with prejudice.  A copy of the executed Agreement will be provided to the Court for *in camera* inspection.

**I.     Background**

      Plaintiff asserts a claim for alleged unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA").  The consenting plaintiffs joined the suit by

filing their respective notices of consent.  Hereinafter, Plaintiff and consenting plaintiffs will be collectively referred to as, "Plaintiffs."

Defendant denies Plaintiffs' claims.  It asserts that Plaintiffs were properly paid all overtime hours at the statutory premium rate of pay.  Plaintiffs maintain that they worked unreported overtime hours that were not paid.

From the onset of this litigation, the Parties laid out their respective positions on the facts and law.  Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the Agreement.

## II.   <u>Legal Principles</u>

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees.  First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the court enters a judgment approving the fairness of the settlement.  *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).  In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver

of statutory rights brought by an employer's overreaching.  If a compromise over
issues, such as FLSA coverage or computation of back wages that are actually in
dispute, we allow the district court to approve the settlement in order to promote
the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may
approve the Parties' settlement to resolve and release Plaintiff's FLSA claims.  The proposed
settlement arises out of an action by Plaintiffs against their former employer, which is adversarial
in nature.  *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (finding
*Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred
within the context of a lawsuit where a plaintiff employee is represented by counsel), *followed by*
*Smith v. Tri-City Transmission Serv*., 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012).
During the litigation and settlement of this action, Plaintiffs were and are represented by counsel.

The Parties' settlement of the unpaid overtime wage claim is the result of a bona fide
compromise between them on a variety of disputes of law and fact, including without limitation:
(a) whether Plaintiffs reported all of their hours worked, (b) the number of overtime hours the
Plaintiffs allegedly underreported each workweek, (c) whether Defendant's actions were non-
willful, and (d) whether Defendant acted in good faith.

The following factors are typically considered by the Court in determining the
reasonableness of the agreement:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, 6:05-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* 6:05-CV-592-ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Plaintiffs, represented by counsel, filed a claim for unpaid overtime wages against Defendant, also represented by counsel. Both parties are represented by counsel experienced in FLSA matters and routinely litigate labor and employment matters. The Parties have decided to resolve the claim only due to the disputed issues of facts and inherent risks of litigation. *Infra.*

As to the *second factor*, Plaintiff filed a motion for conditional certification which if granted would have complicated and prolonged this action. Moreover, this action would have required the exchange and analysis of thousands of additional documents and at least ten depositions. The Parties would have had to expend significant time and resources in preparation for trial, as well as attend a week-long trial. Additionally, there is the possibility that the non-prevailing party may appeal the verdict, albeit the statistical possibility of an appeal cannot be presently ascertained. The expense of litigation to Defendant is far greater than the amount of the settlement.

As to the *third factor*, the litigation is currently in the discovery phase. The Parties intended to depose the other's clients and numerous witnesses. The Parties exchanged voluminous documents and discussed the disputed issues at the settlement conference in this action and afterwards, which spurred settlement.

As to the *fourth factor*, there are several disputed issues. The Parties dispute, with respect to the overtime claim, (a) whether Plaintiffs reported all of their hours worked, (b) the number of overtime hours the Plaintiffs allegedly underreported each workweek, (c) whether Defendant's

actions were non-willful, and (d) whether Defendant acted in good faith. Thus, there is a *bona fide* dispute as to whether Plaintiff is owed any wages.

Additionally, Plaintiff contends the alleged FLSA violations lacked good faith and liquidated damages should be imposed. Defendant alleges it acted in good faith and that its actions or omissions were based on reasonable grounds for believing that it was not a violating the FLSA. Assuming, *arguendo*, Defendant's position is correct, Plaintiff would be precluded from recovering liquidated damages. Thus, Plaintiff's recovery, if any, could be limited to the unliquidated wage portion which, in turn, severely limits their damages.

Moreover, during the litigation, Defendant provided evidence supporting its contention that the alleged violations were not willful, and that evidence was strongly considered by Plaintiffs in reaching the settlement. Also, if Defendant ultimately proved its affirmative defense that it acted in good faith and had a reasonable basis for paying the plaintiff as it did, then the plaintiffs will be awarded less than they are recovering under the settlement.

As to the *fifth factor*, should Defendant have prevailed based on any of its defenses, Plaintiff potentially may have recovered far less than what is claimed in the Complaint, not recovered anything, or may have owed a cost judgment to the Defendant. Should Plaintiffs prevail, the Defendant may potentially fail on all defenses and be indebted to the Plaintiffs and potentially others for a Judgment for wages, for part or the entire of Plaintiff's claim, as well as an award for liquidated damages, and attorney's fees and costs. Additionally, had this litigation continued, there is the possibility that the Court would have granted conditional certification. Consequently, the Parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investiture of additional time to continue to litigate this case, and the additional

expenditure of fees and costs that will accrue as this matter moves forward.  In recognition of these concerns, the Parties have agreed to resolve this action.

Plaintiffs' attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiffs for their underlying claims.  As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."  *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.  The Parties respectfully submit that Plaintiffs' counsel is receiving a reduced amount in attorneys' fees and costs.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  Plaintiffs and their counsel discussed the viability of their claims and formulated their own proposed settlement figures.  The Parties then continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations.  All Parties were counseled and represented by their respective attorneys through the litigation and settlement process.  The Agreement has been signed by the Parties.

## III.   Conclusion

For these reasons, the Parties jointly request that this Court approve the Parties' FLSA settlement agreement and request that the Court dismiss this entire action with prejudice.

Dated: September 1, 2020

Respectfully submitted,

**JORDAN RICHARDS, PLLC**
805 East Broward Blvd.
Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 871-0050

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQ.
Florida Bar No. 108372
jordan@jordanrichardspllc.com
livia@jordanrichardspllc.com
jake@jordanrichardspllc.com

**EGGNATZ | PASCUCCI**
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone:   (954) 889-3359

By: */s/ Joshua H. Eggnatz*
JOSHUA H. EGGNATZ, ESQ.
Florida Bar No. 0067926
MICHAEL J. PASCUCCI, ESQ.
Florida Bar No. 83397
jeggnatz@justiceearned.com
mpascucci@justiceearned.com
sgizzie@justiceearned.com

*Counsel for Plaintiff*

**JACKSON LEWIS P.C.**
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 577-7600

By: */s/ Paul F. Penichet*
PAUL PENICHET, ESQ.
Florida Bar No. 899380
NAVEEN PAUL, ESQ.
Florida Bar No. 98059
paul.penichet@jacksonlewis.com
naveen.paul@jacksonlewis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on September 1, 2020, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Jordan Richards
Jordan Richards, Esq.

Case No. 20-CV-60508-AOV

## SERVICE LIST

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

*GLENN BENZION, ET AL. V*. MONDELĒZ GLOBAL, LLC

Case No. 20-cv-60508-RS

Jordan Richards, Esq. (108372)
Email: *jordan@jordanrichardspllc.com*
Email: *melissa@jordanrichardspllc.com*
Email: *jake@jordanrichardspllc.com*

USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS, PLLC
805 E. Broward Blvd., Suite 301
Fort Lauderdale, Florida 33301
Telephone: (954) 871-0050

Joshua H. Eggnatz, Esq. *(0067926)*
Email: *jeggnatz@justiceearned.com*
Michael J. Pascucci, Esq. (83397)
Email: *mpascucci@justiceearned.com*

Eggnatz / Pascucci
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (954) 889-3359

*Counsel for Plaintiff*

Served via transmission of Notices of
Electronic Filing

Paul F. Penichet, Esq. (0899380)
Email: *paul.penichet@jacksonlewis.com*
Naveen Paul, Esq. (98059)
E-mail: *naveen.paul@jacksonlewis.com*

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

Served via transmission of Notices of
Electronic Filing

4848-8099-6809, v. 1